J-S17034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CAEONNE AHTREB JOHNSON | |
| Appellant | No. 1478 WDA 2014 |

Appeal from the Judgment of Sentence October 28, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003257-2006

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CAEONNE AHTREB JOHNSON | |
| Appellant | No. 1480 WDA 2014 |

Appeal from the Judgment of Sentence October 28, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001667-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 18, 2015**

Appellant, Caeonne Ahtreb Johnson, appeals *nunc pro tunc* from the judgments of sentence entered in the Erie County Court of Common Pleas, (1) following his revocation of probation at docket no. CP-25-CR-0003257-2006 ("docket 3257-2006"); and (2) his open guilty plea to simple assault

_____

*Former Justice specially assigned to the Superior Court.

(18 Pa.C.S.A. § 2701(a)) at docket no. CP-25-CR-0001667-2013 ("docket 1667-2013"). We remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On October 14, 2006, Appellant took fifty dollars ($50.00) from a victim.[1] Appellant entered an open guilty plea at docket 3257-2006 on February 8, 2007, to one count of robbery (18 Pa.C.S.A. 3701(a)(1)(v)). The court sentenced Appellant on March 27, 2007, to six (6) to twenty (20) months' imprisonment, plus fifty (50) months' probation.[2]

Appellant committed a new offense, while on parole, that resulted in a conviction for indirect criminal contempt (related to violating a protection from abuse order). On October 29, 2008, the court held a revocation ("VOP") hearing on Appellant's underlying robbery conviction. Based on Appellant's new conviction for indirect criminal contempt, the court revoked Appellant's parole and remanded Appellant to serve sixty (60) more days' imprisonment in county prison, after which Appellant would again be parole-

---

[1] Appellant stomped Victim in the head during the robbery. The Commonwealth initially charged Appellant with second degree robbery under subsection (a)(1)(iv) (inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury). Appellant was later allowed to proceed on the charge as a third degree felony under subsection (a)(1)(v) (physically takes or removes property from the person of another by force however slight).

[2] Despite some references to a probationary term of fifteen (15) months, the March 27, 2007 sentencing order and transcript make clear the court imposed a probationary term of fifty (50) months.

eligible. The court kept in place the fifty (50) month probationary term. On December 24, 2008, the court re-paroled Appellant, effective December 28, 2008.

Appellant assaulted his girlfriend on February 26, 2013, while he was still on probation.[3] On September 10, 2013, Appellant entered an open guilty plea at docket 1667-2013 to one count of simple assault. On October 28, 2013, the court held a sentencing hearing for Appellant's simple assault conviction and a VOP hearing on Appellant's underlying robbery conviction. Based on Appellant's simple assault conviction, the court revoked Appellant's probation at docket 3257-2006 and resentenced Appellant to thirty (30) to sixty-eight (68) months' imprisonment. For the simple assault conviction at docket 1667-2013, the court imposed eleven (11) to twenty-three (23) months' imprisonment, to be served consecutively to Appellant's VOP new sentence for the robbery conviction. Appellant's total aggregate sentence was forty-one (41) to ninety-one (91) months' imprisonment. Appellant received credit for the time he already served on each conviction. Appellant did not file post-sentence motions or a direct appeal.

On August 18, 2014, Appellant timely filed a *pro se* PCRA petition at docket 3257-2006 and docket 1667-2013. In his petition, Appellant alleged,

---

[3] The facts in the record concerning the assault indicate Appellant choked his girlfriend to the point of almost passing out and punched her in the chest and shoulder area several times. Victim suffered a broken collarbone and bruising as a result of the assault.

*inter alia*, VOP counsel was ineffective for failing to file post-sentence motions and a direct appeal as requested.[4]  Appellant also challenged, *inter alia*, the discretionary aspects of his sentence.  The next day, the court appointed counsel and gave appointed counsel sixty (60) days to file an amended PCRA petition.  Two days after counsel's appointment, and before counsel could file an amended PCRA petition, the court entered an order on August 21, 2014, stating that to the extent Appellant's *pro se* PCRA petition requested reinstatement of direct appellate rights, the petition was granted.  The court, however, did not reinstate Appellant's post-sentence rights *nunc pro tunc*.  The court's order further instructed Appellant to perfect a direct appeal within twenty-one (21) days.[5]

On September 10, 2014, Appellant timely filed counseled notices of appeal *nunc pro tunc* at dockets 3257-2006 and 1667-2013, which this Court later consolidated.  The court ordered Appellant to file a concise

_____

[4] Appellant's *pro se* PCRA petition is largely illegible.  Nevertheless, we can discern at least three places in the petition where Appellant indicates VOP counsel failed to file post-sentence motions and a direct appeal as requested.  **See** Appellant's *Pro Se* PCRA Petition, filed 8/18/14, at 4 ¶6(c); 6 ¶9; 8 ¶15.

[5] Appellant actually had thirty (30) days to perfect his *nunc pro tunc* appeal.  **See** Pa.R.A.P. 903(a) (stating notice of appeal shall be filed within 30 days after entry of order from which appeal is taken); **Commonwealth v. Wright**, 846 A.2d 730 (Pa.Super. 2004) (explaining when PCRA court issues order reinstating appellant's direct appeal rights *nunc pro tunc*, appellant has thirty (30) days from order reinstating appeal rights to file *nunc pro tunc* appeal).  The court's August 21, 2014 order was erroneous in this regard.

statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on September 26, 2014.

Appellant raises one issue for our review:

> WHETHER THE SENTENCING COURT COMMITTED LEGAL ERROR AND ABUSED ITS DISCRETION IN IMPOSING A CONSECUTIVE SENTENCING SCHEME IN RUNNING THE SENTENCE FOR THE NEW CRIMINAL OFFENSES CONSECUTIVELY TO EACH OTHER AND THEN CONSECUTIVELY TO THE REVOCATION SENTENCE WITHOUT A LEGALLY SUFFICIENT CONTEMPORANEOUS STATEMENT IN SUPPORT OF THAT SENTENCING ELECTION?

(Appellant's Brief at 2).

Appellant argues the court failed to state sufficient reasons on the record for imposition of his sentence for simple assault consecutive to his revocation sentence. Appellant asserts the court failed to consider mitigating factors Appellant presented at the time of sentencing. Appellant claims the court focused mainly on Appellant's commission of a new crime (simple assault) while under supervision. Appellant concedes his simple assault conviction justified revocation and resentencing for his robbery conviction, but he complains the court should not have used his simple assault conviction as a basis for imposing the revocation and simple assault sentences consecutively. On this basis, Appellant insists the court essentially "double counted" his simple assault conviction at sentencing. Appellant concludes the court abused its sentencing discretion, and this Court must remand for resentencing. As presented, Appellant's issue

challenges the discretionary aspects of his sentence.[6] ***See Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595 (Pa.Super. 2010) (explaining challenge to imposition of consecutive sentences implicates discretionary aspects of sentencing); ***Commonwealth v. Twitty***, 876 A.2d 433 (Pa.Super. 2005), *appeal denied*, 586 Pa. 749, 892 A.2d 823 (2005) (stating claim sentencing court failed to state adequate reasons on record for sentence presents challenge to discretionary aspects of sentencing); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining allegation court ignored mitigating factors challenges discretionary aspects of sentencing). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. ***Commonwealth v. Griffin***, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). ***See also*** Pa.R.Crim.P. 708(E) (stating motion to modify sentence imposed after revocation shall be filed within 10 days of date of imposition).

---

[6] When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. ***Commonwealth v. Cartrette***, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited to validity of proceedings and legality of sentence, this Court's scope of review on appeal from revocation sentencing can also include discretionary sentencing challenges).

As a prefatory matter, where the court reinstates direct appeal rights *nunc pro tunc*, the appellant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well. **Commonwealth v. Liston**, 602 Pa. 10, 977 A.2d 1089 (2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. **Id.** at 20 n.9, 977 A.2d at 1095 n.9. **Compare Commonwealth v. Fransen**, 986 A.2d 154 (Pa.Super. 2009) (holding PCRA petitioner who obtains reinstatement of direct appeal rights *nunc pro tunc* is not entitled to reinstatement of post-sentence rights *nunc pro tunc* if he did not request that relief with PCRA court, and if court did not hold evidentiary hearing on that issue; appellant's claim that he was entitled to file post-sentence motions and to have benefit of evidentiary hearing warranted no relief where appellant did not plead or prove in PCRA petition that he was deprived of right to file post-sentence motions).[7]

---

[7] In **Commonwealth v. Corley**, 31 A.3d 293 (Pa.Super. 2011), this Court declined to find waiver of a defendant's discretionary aspects of sentencing challenge because the defendant was denied counsel entirely throughout the post-sentence and direct appeal process, based on counsel's withdrawal at sentencing; and the court denied the defendant's request to file post-sentence motions *nunc pro tunc*. **Corley** dealt with the complete denial of counsel, rather than the ineffectiveness of counsel. **See id.** at 297 (distinguishing **Liston** and **Fransen** as inapplicable, where Corley was denied counsel throughout entire post-sentence and direct appeal period
*(Footnote Continued Next Page)*

Instantly, the court held a sentencing hearing for Appellant's simple assault conviction at docket 1667-2013, and a VOP hearing with respect to Appellant's robbery conviction at docket 3257-2006, on October 28, 2013. Based on Appellant's simple assault conviction, the court revoked probation at docket 3257-2006 and imposed an aggregate sentence of thirty (30) to sixty-eight (68) months' imprisonment for the robbery conviction at that docket. At docket 1667-2013, the court sentenced Appellant to eleven (11) to twenty-three (23) months' imprisonment for his simple assault conviction, to be served consecutively to Appellant's VOP sentence. The court gave Appellant credit for the time he had served on each conviction. Appellant did not file post-sentence motions or a direct appeal.

On August 18, 2014, Appellant timely filed a *pro se* PCRA petition at both dockets alleging, *inter alia*, VOP counsel was ineffective for failing to file post-sentence motions and a direct appeal as requested. Appellant also challenged the discretionary aspects of his sentence. The next day, the court appointed counsel to file an amended PCRA petition within sixty (60) days. Before PCRA counsel filed any petition, the court entered an order on August 21, 2014 (two days after appointing counsel), stating that to the extent Appellant's *pro se* PCRA petition requested reinstatement of direct

_(Footnote Continued)_ ────────────────

when he was constitutionally entitled to counsel; reinstatement of Corley's appellate rights *nunc pro tunc* was based on complete denial of counsel, not on ineffective assistance of counsel).

- 8 -

appellate rights, that motion is granted. The court did not reinstate Appellant's post-sentence rights *nunc pro tunc*. Appellant subsequently timely filed *nunc pro tunc* notices of appeal at each docket.

Consistent with **Liston** and **Fransen**, Appellant pled in his PCRA petition that VOP counsel was ineffective for failing to file a requested post-sentence motion and a requested notice of appeal. **See Liston, supra**; **Fransen, supra**. Nevertheless, the court deprived Appellant of the opportunity to prove his claim when the court precipitously reinstated only Appellant's direct appeal rights *nunc pro tunc*, before PCRA counsel even had an opportunity to file an amended PCRA petition, or the court could hold a hearing on the petition. Nothing in the record demonstrates unequivocally Appellant's contention that he asked VOP counsel to file post-sentence motions or a direct appeal on Appellant's behalf.[8] Consequently, per

---

[8] At docket 1667-2013, the certified record contains a letter dated July 23, 2014, from Appellant to VOP counsel asking if counsel filed the modification of sentence motion that Appellant requested. Appellant mailed the letter to the Clerk of Courts, asking the Clerk to forward the letter to VOP counsel. The Clerk of Courts responded on July 29, 2014. The Clerk confirmed with the Office of the Public Defender that VOP counsel no longer represented Appellant and suggested Appellant contact his prison counselor or the law library if Appellant wanted to proceed with further action on his case. Nevertheless, the docket entries do not show a motion to withdraw by VOP counsel following the October 28, 2013 VOP/sentencing hearing. In fact, the record contains an order entered June 10, 2014, in response to a *pro se* motion for transcripts docketed on June 6, 2014, that denied Appellant's motion because he was represented by counsel of record and there was no matter pending. Thus, there is at least some suggestion in the record that Appellant asked VOP counsel to file post-sentence motions.

*Fransen*, remand for an evidentiary hearing is the appropriate remedy to afford Appellant an opportunity to show counsel failed to file post-sentence motions and a direct appeal as requested. **See id.** With respect to Appellant's claim that VOP counsel failed to file requested post-sentence motions, the court must determine upon remand whether but for VOP counsel's failure, Appellant would have filed post-sentence motions, which is the prejudice **Liston** anticipated.[9] **See Liston, supra**. Therefore, the best resolution of this appeal is to remand the matter to the PCRA court to give Appellant sixty (60) days to file a counseled amended PCRA petition, and give the Commonwealth sufficient time to respond. After Appellant and the Commonwealth submit their respective filings, the court must hold an evidentiary hearing at least concerning whether VOP counsel failed to file requested post-sentence motions and a direct appeal as alleged. Accordingly, we remand for further proceedings.

Case remanded with instructions. Jurisdiction is relinquished.

_____

[9] Appellant raised a challenge to the discretionary aspects of sentencing in his *pro se* PCRA petition. Issues related to the discretionary aspects of sentencing had to be raised at sentencing or in a post-sentence motion. **See Griffin, supra**. Appellant claimed VOP counsel was ineffective for failing to file requested post-sentence motions. Therefore, restoration of Appellant's direct appeal rights *nunc pro tunc* without restoration of Appellant's post-sentence rights *nunc pro tunc* was essentially an empty gesture. Thus, we reject the court's contention that Appellant waived his sentencing challenge for failure to file post-sentence motions where the court effectively foreclosed Appellant from doing so.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2015