J-S78027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADAM WILLIAM MALLIN | |
| Appellant | No. 404 WDA 2016 |

Appeal from the PCRA Order March 7, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001136-2014
CP-25-CR-0001140-2014

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 03, 2017**

Adam William Mallin appeals *pro se*[1] from the order entered March 7, 2016, in the Court of Common Pleas of Erie County, that denied, without a hearing, his second, timely petition, seeking relief pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Mallin contends his sentence is illegal.  Based upon the following, we affirm.

The PCRA court summarized the background of this case, as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] As the PCRA court correctly points out, because this petition is Mallin's second PCRA petition, there is no automatic right to appointed counsel. **See** PCRA Court Notice of Intent to Dismiss Without a Hearing Pursuant to Pa.R.Crim.P. 907, 1/26/2016, at 2, *citing* **Commonwealth v. Vega**, 754 A.2d 714 (Pa. Super. 2000). **See also** Pa.R.Crim.P. 904.

On January 14, 2015, [Mallin] pled guilty to 15 counts at docket No. 1136 of 2014 and 55 counts at docket No. 1140 of 2014. These counts included crimes of terroristic threats, retaliation against prosecutor or judicial official, bomb threats, stalking and harassment. On March 30, 2015, [Mallin] was sentenced in the standard range of the sentencing guidelines to an aggregate term of 108 months to 336 months of incarceration. [Mallin] did not file a direct appeal.

On June 4, 2015, [Mallin] filed his first PCRA petition, which was denied by the Honorable Shad Connelly on September 17, 2015. [Mallin] thereafter filed several motions challenging his sentence, which were all denied by Judge Connelly.

On December 31, 2015,[1] [Mallin] filed his second *pro se* PCRA petition, alleging that he is serving an illegal sentence.

---

[1] Pursuant to the prisoner mailbox rule, [Mallin's] *pro se* PCRA [petition] was filed on December 31, 2015, the date he placed it in the hands of prison authorities for mailing (i.e. postmark date). *See Commonwealth v. Fransen*, 986 A.2d 154, 156 n.5 (Pa. Super. 2009); *Commonwealth v. Castro*, 766 A.2d 1283 (Pa. Super. 2001); *Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. 1998).

---

PCRA Court Notice of Intent to Dismiss Without a Hearing Pursuant to Pa.R.Crim.P. 907, 1/26/2016, at 1–2.

On February 22, 2016, the PCRA Court dismissed Mallin's second PCRA petition without a hearing. This timely appeal followed.[2]

---

[2] The PCRA court states that "On April 8, 2016, [Mallin] filed a document that appears to be a Concise Statement of Matters Complained of on Appeal." PCRA Court [Pa.R.A.P.] 1925(a) Opinion, 4/15/2016. The PCRA court docket reflects case correspondence was received from Mallin on April

*(Footnote Continued Next Page)*

Preliminarily, it is important to note that "although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy,*** 737 A.2d 214, 223 (Pa. 1999).

Generally, any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, Mallin was sentenced on March 30, 2015, and his judgment of sentence became final on April 29, 2015, upon the expiration of the 30-day period for taking a direct appeal. Therefore, the present, second PCRA petition, filed December 31, 2015, is timely filed

*(Footnote Continued)* ————————

8, 2016; however, that case correspondence does not appear to be included in the certified record.

within the PCRA's one-year time limit.  Accordingly, we proceed to examine

Mallin's claim that his sentence is illegal.[3], [4]

> "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review."

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa. Super. 2012)

(citations omitted).

> A second or any subsequent post-conviction request for relief "will not be entertained unless a *prima facie* is offered to demonstrate that a miscarriage of justice may have occurred." ***Commonwealth v. Carpenter***, 555 Pa. 434, 725 A.2d 154, 160 (1999) (quoting ***Commonwealth v. Lawson***, 519 Pa. 504, 549 A.2d 107, 112 (1988)). "A petitioner makes a *prima facie* showing if he 'demonstrates that either the proceedings which resulted in his conviction were so unfair' that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged.'" ***Id***.

---

[3] We note the argument of the Commonwealth that because Mallin's *pro se* brief fails to conform to the Pennsylvania Rules of Appellate Procedure, the appeal should be dismissed.  However, we decline to dismiss this appeal since Mallin has set forth a discernible claim of PCRA court error regarding the issue of legality of sentence, and our review is not hindered by the defective brief.

[4] The only claim raised by Mallin in his second PCRA petition is that he received an illegal sentence.  To the extent that Mallin may be asserting other claims in his appellate brief, such claims are waived. ***See Commonwealth v. Baumhammers***, 92 A.3d 708, 731 (Pa. 2014) (petitioner cannot add new substantive claims on appeal that were not included in the PCRA petition itself).

(quoting *Commonwealth v. Morales*, 549 Pa. 400, 701 A.2d 516, 520-21 (1997)); *see also Commonwealth v. Palmer*, 2002 PA Super 411, 814 A.2d 700, 709 (Pa. Super. 2002).

*Commonwealth v. Burkhardt*, 833 A.2d 233, 236 (Pa. Super. 2003).

Here, at Docket No. 1136-2016, Mallin was sentenced as follows:

At Count 1 – Retaliation against Prosecutor/Judicial Official, 18 Pa.C.S. § 4953.1(a), a felony of the second degree – Mallin was sentenced to 36 to 96 months' incarceration. The legal maximum for this offense is 10 years (120 months); the standard range of the sentencing guidelines is 24–36 months.

At Counts 3 through 9 – Terroristic Threats, 18 Pa.C.S. § 2706(a)(1), misdemeanors of the first degree – Mallin was sentenced at each count to 9 to 36 months' incarceration. The legal maximum for this offense is five years (60 months); the standard range of the sentencing guidelines is RS (Restorative Sanctions)–9 months.

At Count 10 – Bomb Threats/Threatens Placement of Bomb, 18 Pa.C.S. § 2715(a)(4), a misdemeanor of the first degree – Mallin was sentenced to 9 to 36 months' incarceration. The legal maximum for this offense is five years (60 months); the standard range of the sentencing guidelines is RS–9 months.

Counts 11 through 16–Harrassment, 18 P.S. § 2709(a)(4), misdemeanors of the third degree, merged with Counts 3 through 8, respectively, for purposes of sentencing.

- 5 -

Counts 3 through 10 were made to run concurrent to each other and consecutive to Count 1. **See** Sentencing Order, 3/30/2015 (Docket 1136-2014, Docket Entry #64); **see also** Sentencing Guideline Forms, 3/30/2015 (Docket 1136-2014, Docket #67).

At Docket Number 1140-2016, Mallin was sentenced as follows:

At Count 1 – Retaliation against Prosecutor/Judicial Official, 18 Pa.C.S. § 4953.1(a), a felony of the second degree – Mallin was sentenced to 36 to 96 months' incarceration. As stated above, the legal maximum is ten years (120 months); the standard range of the sentencing guidelines is 24–36 months.

At Counts 14 through 44 – Terroristic Threats, 18 Pa.C.S. § 2706(a)(1), misdemeanors of the first degree – Mallin was sentenced at each count to 9 to 36 months' incarceration. As stated above, the legal maximum for this offense is five years (60 months); the standard range of the sentencing guidelines is RS–9 months.

At Counts 45 through 49 – Bomb Threats/Threatens Placement of Bomb, 18 Pa.C.S. § 2715(a)(4) – a misdemeanor of the first degree, Mallin was sentenced at each count to 9 to 36 months' incarceration. As stated above, the legal maximum for this offense is five years (60 months); the standard range of the sentencing guidelines is RS–9 months.

At Counts 50 through 58 – Stalking/Repeatedly Communicating to Cause Fear, 18 P.S. § 2709.1(a)(2), misdemeanors of the first degree, Mallin

was sentenced at each count to 9 to 36 months' incarceration. The legal maximum for this offense is five years (60 months); the standard range is RS–9 months.

Counts 59–67, Harrassment, 18 P.S. § 2709(a)(4), misdemeanors of the third degree, merged with Counts 50–58, respectively, for purposes of sentencing.

Count 1 was made consecutive to Docket Number 1136-2014. Counts 14 to 44 were made concurrent to each other and consecutive to Count 1. Counts 45 to 49 were made concurrent with each other and consecutive to Counts 14 through 44. Counts 50 to 58 were made concurrent to each other and consecutive to Counts 45 through 49. **See** Sentencing Order, 3/30/2016 (Docket 1140-2014, Docket Entry 13); **see also** Sentencing Guideline Forms, 3/30/2015 (Docket 1140-2014, Docket #15).

Our review confirms the PCRA court's determination that "[d]espite [Mallin's] bald assertion to the contrary, he is serving a legal sentence at the above docket numbers. Furthermore, [Mallin's] sentence at all counts fall within the standard range of the guidelines." PCRA Court Notice of Intent to Dismiss Without a Hearing Pursuant to Pa.R.Crim.P. 907, 1/26/2016, at 3.

Accordingly, we affirm.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/3/2017</u>