**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Lennard FRANSEN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 30, 2009.

Filed Dec. 7, 2009.

Lennard P. Fransen, appellant, Pro Se.

Elmer D. Christine, Jr., Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

BEFORE: PANELLA, FREEDBERG, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

¶ 1 Appellant, Lennard Fransen, files this *pro se* appeal from the order entered in the Monroe County Court of Common Pleas, which granted relief on his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Appellant has also filed a *pro se* motion to withdraw unrequested counsel from any representation. After review, we hold that, pursuant to the Pennsylvania Supreme Court's decision in *Commonwealth v. Liston*, —— Pa. ——, 977 A.2d 1089 (2009) ("*Liston II*"), a PCRA petitioner who is granted reinstatement of his direct-appeal rights *nunc pro tunc* is not entitled to a subsequent order reinstating his right to file post-sentence motions *nunc pro tunc* if he has not requested such relief with the PCRA court, and if the court did not hold an evidentiary hearing on that issue. We accordingly deny Appellant's motion without prejudice

and affirm the PCRA court's order with instructions.[2]

¶ 2 Appellant was convicted of first-degree murder on May 3, 2004.[3] He was sentenced to life imprisonment on July 21, 2004. Appellant filed a timely notice of appeal. On August 16, 2004, the trial court ordered Appellant to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement within fourteen days.[4] Trial counsel, however, did not file a Rule 1925(b) statement until September 2, 2004. Accordingly, an *en banc* panel of this Court found all of Appellant's claims waived in an unpublished memorandum: "Appellant filed his concise statement three days late.... Under [*Commonwealth v.*] *Castillo*, [585 Pa. 395, 888 A.2d 775 (2005)], we are constrained to hold that all of Appellant's issues on direct appeal are waived." *Commonwealth v. Fransen*, 913 A.2d 940 (Pa.Super.2006) (*en banc*) (unpublished memorandum). Our Supreme Court denied his petition for allowance of appeal on April 25, 2007. *Commonwealth v. Fransen*, 591 Pa. 732, 921 A.2d 495 (2007).

¶ 3 On April 1, 2008, Appellant filed the instant, *pro se*, PCRA petition, his first.[5] The PCRA court did not appoint counsel;[6]

* Former Justice specially assigned to the Superior Court.

1. 42 Pa.C.S. §§ 9541–9546.

2. This memorandum decision follows our *sua sponte* withdrawal of the memorandum decision filed August 20, 2009. We withdrew the August 20, 2009 decision pursuant to our Supreme Court's holding in *Liston II*

3. Of note, this Court *en banc* addressed the appeal of Appellant's co-defendant in *Commonwealth v. Levanduski*, 907 A.2d 3 (Pa.Super.2006) *(en banc), appeal denied*, 591 Pa. 711, 919 A.2d 955 (2007), *cert. denied*, 552 U.S. 823, 128 S.Ct. 166, 169 L.Ed.2d 33 (2007).

4. The Rule 1925(b) order was filed pursuant to the previous version of the rule. *See* Pa.

R.A.P.1925(b) (2004). The current version of the rule now provides for the court to allow at least twenty-one days for the appellant to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b) (2009).

5. April 1, 2008, reflects the date of the postmark on the envelope Appellant used to mail his petition. Pursuant to the prisoner-mailbox rule, we consider April 1, 2008, to be the date Appellant filed this petition. *See Commonwealth v. Wilson*, 911 A.2d 942, 944 n. 2 (Pa.Super.2006).

6. The PCRA court took "judicial note that [Appellant] indicates that he does not want a lawyer to represent him." Order, filed 4/15/08, at 1 n. 1.

rather, on July 24, 2008, it granted Appellant's petition on the basis that appellate counsel was ineffective *per se* for filing the untimely Rule 1925(b) statement and causing the *en banc* panel of this Court to find all of Appellant's claims waived. PCRA Ct. Order, filed 7/24/08, at 1–3.[7] The PCRA court thus permitted Appellant thirty days within which to file a direct appeal *nunc pro tunc*. *Id.* at 3. Appellant, instead, filed a motion for new trial. The trial court dismissed Appellant's motion on the basis that it granted Appellant reinstatement of his appellate rights.

¶ 4 The public defender's office filed a timely notice of appeal on Appellant's behalf on August 20, 2008. Appellant subsequently filed a "Motion to Withdraw Unrequested Counsel" with this Court, then proceeded to file a *pro se* appellate brief, even though the public defender's office remains Appellant's attorney of record. The public defender's office made no other filings on Appellant's behalf.

¶ 5 Normally, we are not obligated to accept *pro se* filings when the appellant is represented by counsel on appeal. *See Commonwealth v. Pursell*, 555 Pa. 233, 251, 724 A.2d 293, 302 (1999) ("[T]he Superior Court may prohibit the filing of *pro se* briefs by appellants represented by counsel on appeal."). In the instant case, because counsel of record did not file a brief on Appellant's behalf, we accept Appellant's *pro se* brief in the interest of judicial economy.

¶ 6 Appellant raises several claims for review on appeal, most of them alleging ineffective assistance of trial counsel.

Appellant also contends ostensibly that he is entitled to file post-sentence motions and have the benefit of an evidentiary hearing. The Commonwealth asserts that Appellant is not entitled to file post-sentence motions, citing this Court's decision in *Commonwealth v. Wright*, 846 A.2d 730 (Pa.Super.2004). We agree with the Commonwealth that Appellant is not entitled to file post-sentence motions, following our Supreme Court's recent decision in *Liston, supra.*

¶ 7 Previously, an *en banc* panel of this Court addressed the issue raised by Appellant. *See Commonwealth v. Liston*, 941 A.2d 1279 (Pa.Super.2008) (*en banc*) ("*Liston I*"), *rev'd*, —— Pa. ——, 977 A.2d 1089 (2009). The *en banc* panel began by addressing a concern raised by this Court in *Commonwealth v. Miller*, 868 A.2d 578 (Pa.Super.2005):

In post-*Grant*[8] practice, the following situation frequently arises: A PCRA petitioner seeks to have his or her direct appellate rights reinstated *nunc pro tunc*. The request is granted. On direct appeal the appellant raises, perhaps exclusively, claims of ineffective assistance of counsel. Those claims are dismissed without prejudice to raise them in collateral review. The appellant must then file another PCRA petition before these claims are disposed of on their merits. This practice is undoubtedly frustrating for petitioners whose 'first' PCRA petition is successful, but who may not receive relief on some claims raised in that 'first' petition until they go

---

7. The PCRA court cited this Court's decision in *Commonwealth v. Qualls*, 785 A.2d 1007 (Pa.Super.2001), in support of its finding of ineffectiveness *per se*. *See* PCRA Ct. Order, at 3. Our Supreme Court has also held that counsel is ineffective *per se* when his failure to file a court-ordered Rule 1925(b) statement

on behalf of his client results in waiver of all of Appellant's claims. *See Commonwealth v. Halley*, 582 Pa. 164, 173, 870 A.2d 795, 801 (2005).

8. *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002).

through the motions and reach the PCRA stage again.

If, however, a PCRA court follows the procedure outlined above and creates a record on the additional ineffectiveness claims a petitioner raises in the PCRA petition requesting reinstatement of direct appellate rights, that petitioner may be able to obtain review of those claims in the direct appeal, if one is granted. The Supreme Court carved out an exception to *Grant* in *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003), permitting review of ineffectiveness claims on direct appeal where a sufficient record concerning the claims had been established. Thus, ineffectiveness claims that were developed in the PCRA court may be reviewed in the *nunc pro tunc* direct appeal, along with any other appealable claims the appellant chooses to raise.

*Liston I*, 941 A.2d at 1283–84 (quoting *Miller*, 868 A.2d at 581). The *Liston I* Court agreed with the *Miller* Court and held the following:

> Admittedly, one of the concerns . . . is that [ ] direct[ing] courts, following reinstatement of appellate rights *nunc pro tunc*, to address any remaining claims of trial counsel ineffectiveness [results] in what is basically an "advisory" opinion. We are aware of the general prohibition against the issuance of merely advisory opinions. However, this concern will be alleviated and specific findings on ineffectiveness claims made a part of the record on review if trial courts grant post-sentence motions *nunc pro tunc* along with reinstatement of direct appeal rights. Therefore, in line with our decision today, **henceforth, if the** PCRA court determines that, in fact, appellate counsel was ineffective for failing to file a requested direct appeal and reinstates the petitioner's direct appeal rights *nunc pro tunc*, the court shall also reinstate the petitioner's right to file post-sentence motions or amended post-sentence motions *nunc pro tunc*. The petitioner can then raise whatever "other" claims of counsel ineffectiveness he/she wants to in post-sentence motions; the trial court can hold an evidentiary hearing, if warranted, perfect the record for review, and reach a final decision on the merits. In this way, the trial court's decision results in an appealable ruling, and the trial court will not be compelled to issue a merely "advisory" opinion. The record will also be complete so that this court may review the appellant's ineffectiveness claims on the ensuing direct appeal, consistent with *Bomar*. This practice will preserve valuable judicial time and resources, and save the appellant from having to file another, duplicative PCRA petition raising the identical claims later in the process.

> In addition, this procedure will avoid the problem . . . in which this [C]ourt could not remand to the PCRA court for an evidentiary hearing on the appellant's other ineffectiveness claims, where the matter was now before us on direct appeal from the judgment of sentence.

*Liston I*, 941 A.2d at 1284–85 (citations omitted).

¶ 8 Our Supreme Court reversed, holding that this Court "overstepped its authority in this case." *Liston II*, —— Pa. at ——, 977 A.2d at 1093.[9] Our Supreme

---

9. Although Chief Justice Castille authored a concurring opinion that was joined by Justices Saylor and Eakin, and Justice Baer filed a separate concurring opinion, the participating Justices unanimously agreed that the *Liston I* Court created an impermissible rule regarding post-sentence motions *nunc pro tunc*. *See Liston II*, 977 A.2d at 1095 (Cas-

Court determined that "the Superior Court's holding creates an exception to the *Grant* rule in that it permits a defendant to obtain what is essentially collateral review even before a direct appeal has been litigated." *Id.* In reversing *Liston I,* our Supreme Court emphasized two factors. First, the Court noted that counsel's failure to file post-sentence motions does not fall within the narrow ambit of ineffectiveness claims requiring no finding of prejudice. *Id.* at 1092 (citing *Commonwealth v. Reaves,* 592 Pa. 134, 923 A.2d 1119 (2007)). The Court also concluded that, by automatically conferring upon petitioners the right to file post-sentence motions *nunc pro tunc* once the PCRA court orders reinstatement of direct-appeal rights *nunc pro tunc,* the *Liston I* Court contradicted the principles underlying our Supreme Court's decisions in *Grant* and *Commonwealth v. O'Berg,* 584 Pa. 11, 880 A.2d 597 (2005) (holding that Superior Court lacked authority to create exceptions to *Grant* rule). *Liston II,* 977 A.2d at 1094. However, the *Liston II* Court added in a footnote:

> Our holding should not be construed as prohibiting a PCRA court from reinstating a defendant's right to file post-sentence motions *nunc pro tunc.* If a defendant successfully pleads and proves that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel, a PCRA court is free to grant such relief.

*Id.* at 1094 n. 9 (emphasis added).

¶ 9 Instantly, we have carefully reviewed Appellant's original and amended *pro se* PCRA petitions, neither of which pleaded the necessary elements required to prove that he was deprived of the right to file post-sentence motions. His claim centers only around counsel's failure to file a Rule 1925(b) statement, by which the PCRA

court properly granted Appellant relief. It is well-settled that we may not address claims that were not first raised with the PCRA court. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

¶ 10 Accordingly, the PCRA court properly granted relief and permitted Appellant to file a direct appeal *nunc pro tunc,* but Appellant is not entitled to file post-sentence motions. *See* Pa.R.A.P. 302(a); *Liston II, supra.* Appellant's further arguments, that the PCRA court erred in not conducting an evidentiary hearing on his ineffective-assistance-of-counsel claims, are without merit because the PCRA court granted Appellant the opportunity to file a direct appeal *nunc pro tunc.* The *Liston II* holding specifically prohibits this Court from expanding the *Bomar* exception Appellant now seeks. *See Liston II,* —— Pa. at ——, 977 A.2d at 1094 ("While we created an exception to *Grant* in our decision in *Bomar,* we have explicitly reiterated the general rule in *Grant* and further directed that any exception to that general rule be accomplished only by [the Pennsylvania Supreme] Court."). Accordingly, Appellant may properly raise his claims of ineffective assistance of counsel by filing another PCRA petition following disposition of his direct appeal *nunc pro tunc. See id.*

¶ 11 As we noted *supra,* Appellant also filed a "Motion to Withdraw Unrequested Counsel" following his assertion, and the PCRA court's acknowledgement, that he did not want appointed counsel. In light of our acceptance of Appellant's *pro se* appellate brief, we deny Appellant's motion without prejudice to his ability to re-raise it with the trial court. Upon filing

tille, C.J., concurring); *id.* at 1101 (Baer, J., concurring). Justices Todd and McCaffery

did not participate in the consideration or decision of the case.

of this memorandum, the trial court should conduct a *Grazier*[10] hearing to ensure that Appellant's waiver of counsel is knowing, intelligent, and voluntary. After this determination, Appellant shall be entitled to file, pursuant to the PCRA court's original order, a notice of appeal *nunc pro tunc* within thirty days of the trial court's *Grazier* order. Accordingly, we deny Appellant's motion to withdraw unrequested counsel without prejudice to his raising the issue with the trial court.

¶ 12 Motion to withdraw unrequested counsel denied without prejudice. Order affirmed. Jurisdiction relinquished.

10. *Commonwealth v. Grazier,* 552 Pa. 9, 713 A.2d 81 (1998).