J-S38007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEXTER L. NEWSUAN | : | |
| | : | |
| Appellant | : | No. 2523 EDA 2016 |

Appeal from the Judgment of Sentence December 16, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009215-2008,
CP-51-CR-0009230-2008

BEFORE:   GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 11, 2017**

Appellant, Dexter L. Newsuan, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for two counts of first-degree murder and one count each of firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and possessing instruments of crime ("PIC").[1]  We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

_____

[1] 18 Pa.C.S.A. §§ 2502(a); 6106(a); 6108; 907, respectively.

_____

*Former Justice specially assigned to the Superior Court.

Appellant raises two issues for our review:

> WAS THE EVIDENCE SUFFICIENT TO ESTABLISH BEYOND A REASONABLE DOUBT THAT [APPELLANT] COMMITTED THE HOMICIDES IN THIS CASE?

> DID THE TRIAL COURT ERR IN DENYING [APPELLANT] THE RIGHT TO FILE POST-SENTENCE MOTIONS *NUNC PRO TUNC* FROM THE JUDGMENT OF SENTENCE BECAUSE THIS DENIAL PREVENTED [APPELLANT] FROM ASSERTING THAT THE VERDICTS OF GUILTY FIRST DEGREE MURDER WERE AGAINST THE WEIGHT OF THE EVIDENCE?

(Appellant's Brief at 2).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jeffrey P. Minehart, we conclude Appellant's first issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that issue. (**See** Trial Court Opinion, filed September 9, 2016, at 4-7) (finding: Commonwealth presented evidence that Appellant told two people he had killed Victims; according to witness Mr. Bucci, Appellant stated he killed Victims because they had burglarized his residence and were planning to do it again; Appellant also told Mr. Bucci that Appellant was having problems with people regarding sale of drugs, and Appellant borrowed nine millimeter weapon from Mr. Bucci, just before murders; Appellant also told Mr. Koufie he shot Victims; ballistic evidence showed Victims were killed by nine millimeter weapon and were shot in vital parts of their bodies; circumstantial evidence along with testimony about Appellant's admissions was sufficient to sustain Appellant's first-degree murder convictions). Therefore, with respect

- 2 -

to Appellant's first issue, we affirm on the basis of the trial court's opinion.

In his second issue, Appellant argues the court denied him the opportunity to challenge the weight of the evidence on appeal by rejecting Appellant's request for reinstatement of his post-sentence motion rights *nunc pro tunc*. Appellant asserts the Commonwealth's case against him hinged on the testimony of two witnesses who claimed Appellant had confessed the murders to them. Appellant insists one of those witnesses was a "corrupt and polluted source" with a lengthy criminal record, who manipulated the system to escape prosecution for his own crimes by blaming others. Appellant contends the other witness recanted at trial his earlier testimony inculpating Appellant, and had an open assault charge against him. Given the credibility issues surrounding these witnesses, Appellant maintains he wanted to attack the weight of the evidence on appeal. Appellant concludes he suffered prejudice where he was deprived of the opportunity to litigate a weight-of-the-evidence claim on appeal, and this Court should remand the matter so Appellant can file a post-sentence motion *nunc pro tunc* challenging the weight of the evidence. We disagree.

Where the court reinstates direct appeal rights *nunc pro tunc*, the appellant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well. **Commonwealth v. Liston**, 602 Pa. 10, 977 A.2d 1089 (2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and

proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. *Id.* at 20 n.9, 977 A.2d at 1095 n.9. *Compare Commonwealth v. Fransen*, 986 A.2d 154 (Pa.Super. 2009) (holding PCRA petitioner who obtains reinstatement of direct appeal rights *nunc pro tunc* is not entitled to reinstatement of post-sentence rights *nunc pro tunc* if he did not request that relief with PCRA court; appellant's claim that he was entitled to file post-sentence motions and to have benefit of evidentiary hearing warranted no relief where appellant did not plead or prove in PCRA petition that he was deprived of right to file post-sentence motions).

Instantly, the court convicted Appellant on December 16, 2011, of two counts of first-degree murder and one count each of firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and PIC. The court sentenced Appellant that day to consecutive life sentences for the murder convictions and imposed other concurrent sentences for the remaining crimes. Appellant did not file post-sentence motions. Instead, Appellant filed a timely direct appeal on December 19, 2011. On January 14, 2013, this Court affirmed Appellant's judgment of sentence, deeming the sole issue waived for review. Notwithstanding Appellant's phrasing of the question presented on appeal as challenging the sufficiency of the evidence, this Court decided Appellant's argument was actually an attack on the weight of the evidence, which

Appellant had not preserved before the trial court. The Supreme Court denied allowance of appeal on June 13, 2013. *See Commonwealth v. Newsuan*, 64 A.3d 277 (Pa.Super. 2013), *appeal denied*, 620 Pa. 714, 69 A.3d 243 (2013).

Appellant filed a timely *pro se* PCRA petition on August 14, 2014. The court appointed counsel, who filed an amended PCRA petition on February 26, 2016, along with a supporting memorandum of law. In his amended PCRA petition and supporting memorandum, Appellant claimed appellate counsel was ineffective for failing to raise any reviewable issues on appeal, which effectively denied Appellant a chance to appeal his judgment of sentence. Appellant maintained appellate counsel had no rational basis for failing to present reviewable issues on appeal, and that Pennsylvania case law favors restoration of a defendant's direct appeal rights *nunc pro tunc* in similar circumstances. In the "WHEREFORE" clauses of the amended petition and supporting memorandum of law, Appellant requested reinstatement of his post-sentence motion and direct appeal rights *nunc pro tunc*.

The Commonwealth filed a response on May 26, 2016, opposing only Appellant's request for reinstatement of his post-sentence motion rights *nunc pro tunc*. The Commonwealth insisted Appellant had made no argument whatsoever under the traditional ineffective assistance of counsel test to warrant reinstatement of his post-sentence motion rights *nunc pro*

*tunc*. The Commonwealth highlighted that Appellant did not even mention what he planned to challenge in a post-sentence motion *nunc pro tunc*.

On July 14, 2016, the court granted Appellant's request to file a direct appeal *nunc pro tunc* but denied his request to file post-sentence motions *nunc pro tunc*. In its Rule 1925(a) opinion, the court explained its rationale as follows:

> A review of [Appellant's] filing indicated that [Appellant] did not present any argument in support of a claim that he should be granted the right to file post-sentence motions. Consequently it is suggested that [Appellant] be deemed to have failed to meet his burden with respect to this claim and it be dismissed.

(Trial Court Opinion at 9). We agree with the court's decision.

Consistent with **Liston** and **Fransen**, Appellant needed to plead in his PCRA petition that appellate counsel deprived him of the opportunity to litigate a post-sentence motion. Significantly, Appellant attacked only appellate counsel's failure to raise any reviewable issues on appeal. Appellant mentioned nothing about his right to litigate a post-sentence motion until the "WHEREFORE" clause of his petition, in which he simply requested the right to file post-sentence motions *nunc pro tunc*. Absent proper pleading in his PCRA petition, that appellate counsel was ineffective for depriving Appellant of a chance to litigate post-sentence motions, the court correctly denied Appellant's request for relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/11/2017

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CRIMINAL TRIAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| | : |
| vs. | : NO.: CP-51-CR-0009215-2008 |
| | : NO.: CP-51-CR-0009230-2008 |
| DEXTER L.L NEWSUAN, | : |
| Defendant | : |

CP-51-CR-0009215-2008 Comm. v. Newsuan, Dexter L L.
Opinion



7496758331

**OPINION**

**FILED**

SEP - 9 2016

Criminal Appeals Unit
First Judicial District of PA

## PROCEDURE HISTORY

The defendant, Dexter L. L. Newsuan, was charged as of Bill of Information No. CP-51-CR-0009215-2008, with _inter alia_, murder, generally, and as of CP-51-CR-0009230-2008, with murder generally, and various weapons offenses. These charges stemmed from an incident that occurred on December 10, 2006, during which the defendant shot and killed eighteen year old James Harris, III and eighteen year old Donald Johnson, Jr., inside of 3412 E Street.

Defendant was tried before this Court, sitting without a jury, in December of 2011. On December 16, 2011, defendant was convicted of two counts of first-degree murder, carrying a firearm without a license, carrying a firearm on a public street, and possessing instruments of crime, generally. Following the recording of the verdict, this Court imposed consecutive life sentences on the two first-degree murder convictions as well as concurrent terms of incarceration of varying lengths on the weapons offenses. Defendant thereafter filed a notice of appeal and a requested 1925(b) statement. On

1

January 14, 2013, the Superior Court affirmed the judgment of sentence after determining that defendant waived review of the issue he raised on direct appeal. (136 EDA 2012). Defendant thereafter filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on June 13, 2013.

On August 14, 2014, defendant filed a *pro se* petition seeking relief pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et. seq.* Counsel was appointed to represent defendant and on July 14, 2016, this Court granted, in part, and denied, in part, defendant's request for relief. Specifically, this Court granted defendant's right to file a notice of appeal *nunc pro tunc* from the judgment of sentence and denied his request to file post-sentence motions *nunc pro tunc*. Defendant thereafter filed a notice of appeal and a requested Pa.R.A.P. 1925(b) statement.

## FACTUAL HISTORY

On December 10, 2006, the bodies of eighteen year old James Harris, III and eighteen year old Donald Johnson, Jr., the victims herein, were found inside of 3412 E Street in Philadelphia. Both individuals had been shot numerous times.[1]

According to Michael Bucci, who testified under a grant of immunity, a couple of weeks prior to the date of the killing, he had a conversation with defendant during which defendant complained that he was having problems with some guys over his sale of marijuana in the area of E and Ontario Streets.[2] Because of these difficulties, defendant asked Bucci to loan him a gun, which Bucci did on numerous occasions including the day the victims were killed.

---

[1] An autopsy of the body of James Harris revealed that he died as a result of the combined effects of six gunshot wounds. Donald Johnson's autopsy showed that he died as a result of a gunshot to the head. In both instances, that manner of death was deemed to be homicide.

[2] Bucci met defendant a couple of weeks prior to the incident herein after he purchased marijuana from defendant.

2

On the day the victims were shot, defendant came to Bucci's residence at about 11:00 a.m., and he and Bucci smoked some marijuana and defendant swapped some marijuana with Bucci after Bucci indicated that he did not like the marijuana he had. After the swap, defendant asked Bucci if he again could borrow Bucci's gun, a .9 millimeter Taurus Millennium Pro handgun, because he was having some problems and he needed it for protection. Bucci gave defendant the weapon. Defendant then left Bucci's residence.

Less than an hour later, defendant returned to Bucci's residence and told Bucci that he shot "two N--as in the head." Bucci ordered defendant to leave after he described what he had just done. After defendant left, Bucci saw several police officers in the area of the residence where the victims were killed.

Later that day and over the next several days and weeks, defendant called Bucci numerous times to explain why he killed the victims. Defendant indicated that he killed them because a girl named Beth Berstecher told him that the victims had burglarized his home, had keys to his residence, and were planning to return. Defendant gave Beth drugs in exchange for the information. According to Bucci, defendant stated that he shot both victims while they were sleeping and that he did not know one of the victims.

Bucci eventually met with police and gave them a statement wherein he told police that defendant admitted to him that he had killed two men. In that statement, Bucci did not tell police that he gave a gun to defendant just before he killed the victims and instead told them that he sent defendant to someone else for the gun.

Subsequent thereto, Bucci was housed in the same prison as defendant. While there, defendant threatened to kill Bucci if he testified against defendant.

3

Thomas Koufie, a cousin of victim Johnson, knew defendant from having seen him in the area where the incident occurred. Koufie also knew a girl named Beth Berstecher who resided in the 3400 block of E Street, with whom he went on a date with the night prior to the murders. Koufie dropped Beth at the site of the murders early on December 10, 2006, and went to pick up a motorcycle. He later learned that his cousin and victim Harris had been shot.

Subsequent thereto, Koufie spoke to defendant after Koufie had defendant's cousin, Kalil Hall, call defendant.[3] Defendant told Koufie that he shot the victims but that he did not mean to shoot Johnson. Approximately fifteen minutes after the phone call ended, defendant called Kalil back and accused Kalil of setting him up. Defendant then told Kalil that he was not really his cousin and threatened to kill him.

An examination of the scene resulted in the recovery of thirteen pieces of ballistic evidence consisting of seven .9 millimeter fired cartridge cases, five spent .9 millimeter bullets, and one bullet fragment. Testing revealed that the seven fired cartridge cases were fired in the same weapon. However, because the bullets had numerous distortions, it could not be determined whether they had been fired from the same weapon.

## DISCUSSION

Defendant first argues that the evidence was insufficient to support the verdict finding him guilty of all of the charges he was convicted of committing because the Commonwealth failed to present sufficient evidence identifying him as the perpetrator of the crimes he was convicted of committing. He further contends that the evidence was

---

[3] At trial, Koufie denied speaking to defendant. When Koufie refused to acknowledge that he had spoken to defendant, the Commonwealth introduced in evidence a statement Koufie gave to police on January 26, 2007, and questioned Koufie using that statement. On the day he testified, Koufie was in custody awaiting resolution of assault charges filed against him.

4

insufficient to sustain his two first-degree murder convictions because the Commonwealth failed to establish beyond a reasonable doubt that he acted with the *mens rea* necessary to sustain a first-degree murder conviction. It is respectfully submitted that neither claim warrants the grant of relief

The standard of review where an Appellant challenges the sufficiency of the evidence is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Estepp, 17 A.3d 939, 943-44 (Pa. Super. 2011) (citing Commonwealth v. Brooks, 7 A.3d 852, 856–57 (Pa. Super. 2010)) (emphasis added). In addition, "[i]n deciding whether the evidence was sufficient to prove the identity of appellant beyond a reasonable doubt, the test is whether all the evidence, direct and circumstantial, viewed in the light most favorable to the Commonwealth establishes that fact. See Commonwealth

5

v. Rose, 483 Pa. 382, 396 A.2d 1221, 1230 (1978)." Commonwealth v. Williams, 412 A.2d 601, 604 (Pa. Super. 1979).

Instantly, while the Commonwealth presented no witness who was present when the killing occurred, the circumstantial evidence presented by the Commonwealth along with the testimony about the admissions defendant made concerning the crime was more than sufficient to establish that defendant committed the crimes herein. Therefore, defendant's attack on the sufficiency of the evidence of identification should be rejected.

In his second attack on the sufficiency of the evidence, defendant asserts that the evidence failed to prove that he committed the killings with the specific intent to kill or malice. To obtain a first-degree murder conviction, the Commonwealth must demonstrate that a person was unlawfully killed, the defendant perpetrated the killing, and the defendant acted with malice and a specific intent to kill. See 18 Pa.C.S. §2501, 2502(a); Commonwealth v. Ramon Sanchez, 907 A.2d 477, 486 (2006). The element that distinguishes first-degree murder from all other degrees of murder is the intent to kill, *i.e.*, the presence of a willful, deliberate, and premeditated killing. 18 Pa.C.S. § 2502(a), (d); Commonwealth v. Wilson, 543 Pa. 429, 672 A.2d 293, 297 (Pa. 1996 ), cert. denied, 519 U.S. 951 (1996). The fact-finder may infer the intent to kill based upon the accused's use of a deadly weapon on a vital part of the victim's body. Commonwealth v. Abraham Sanchez, 36 A.3d 34, 37 (Pa. 2011). Malice is defined as:

> [A] "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured....["] [M]alice may be found where the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause serious bodily injury.

6

Commonwealth v. DiStefano, 782 A.2d 574, 582 (Pa. Super. 2001), quoting Commonwealth v. Cottam, 616 A.2d 988, 1004 (1992). Malice may be inferred by considering the totality of the circumstances. Commonwealth v. Thomas, 440 Pa. Super. 564, 656 A.2d 514, 516 (Pa. Super. 1995). Finally, the law is clear that the Commonwealth is not required to prove motive to obtain a first-degree murder conviction. Commonwealth v. Briggs, 12 A.2d 291, 340 (Pa. 2011).

The evidence adduced at trial showed that defendant told two persons that he killed the victims. According to Bucci, defendant stated that he did so because the victims had burglarized his residence and were planning to do so again. In addition, defendant, who did not identify the parties with whom he was having problems over his selling of marijuana, told Bucci that he was having such difficulties and as a result thereof he borrowed a .9 millimeter weapon from Bucci on several occasions, including just prior to the time the murders occurred. Defendant also admitted to Koufie that he shot the victims.

In addition, ballistic evidence showed that the victims, both of whom were shot in vital parts of their bodies, were killed by someone using a .9 millimeter weapon. This evidence was more than sufficient to support the defendant's first-degree murder convictions, and therefore, it is suggested that defendant's second claim regarding the sufficiency of the evidence be denied.

Defendant next asserts that the verdicts were against the weight of the evidence because of deficiencies with respect to proof of identity and he asks that he be granted a new trial. Said claim should be deemed waived because it was not raised before this Court either orally or in a post-sentence motion. In order to preserve a weight of the evidence claim for appellate review said claim must be presented to the trial court or else it is waived.

7

Regarding Appellant's weight of the evidence claim we note that Appellant did not make a motion raising a weight of the evidence claim before the trial court as the Pennsylvania Rules of Criminal Procedure require. See Pa.R.Crim.P. 607(A).22 The fact that Appellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed Appellant's weight claim in its Pa.R.A.P 1925(a) opinion did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion. Pa.R.Crim.P. 607(A); Steiner v. Markel, 600 Pa. 515, 968 A.2d 1253, 1257 (2009) (holding that inclusion of an issue in a 1925(b) statement that has not been previously preserved does not entitle litigant to appellate review of the unpreserved claim); Mack, 850 A.2d at 694 (holding weight claim waived by noncompliance with Pa.R.Crim.P. 607, even if the trial court addresses it on the merits); Commonwealth v. Burkett, 830 A.2d 1034, 1037 (Pa.Super.2003) (same). See also Commonwealth v. Little, 879 A.2d 293, 300–301 (Pa.Super.2005), appeal denied, 586 Pa. 724, 890 A.2d 1057 (2005); Commonwealth v. Washington, 825 A.2d 1264, 1265 (Pa.Super.2003). Appellant's failure to challenge the weight of the evidence before the trial court deprived that court of an opportunity to exercise discretion on the question of whether to grant a new trial. Because "appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence," Commonwealth v. Widmer, 560 Pa. 308, 744 A.2d 745, 753 (2000), this Court has nothing to review on appeal. We thus hold that Appellant waived his weight of the evidence claim because it was not raised before the trial court as required by Pa.R.Crim.P. 607.

Commonwealth v. Sherwood, 982 A.2d 483, 494 (Pa. 2009).

In accordance with the holding of Sherwood, it is respectfully suggested that defendant's weight claim be deemed waived.

Defendant also contends that this Court erred by not granting him the right to file post-sentence motions *nunc pro tunc*. When a defendant contends that counsel was ineffective for failing to file a post-sentence motion, he is obliged to establish all three prongs of the ineffectiveness test, including the prejudice prong. Commonwealth v. Reaves, 923 A.2d 1119, 1128-1130 (Pa. 2007) (holding that the failure to file a post-

8

sentence motion, unlike a claim alleging that counsel was ineffective for failing to file a requested appeal, requires proof of prejudice). In order to establish that counsel's representation was deficient, defendant must establish all of the following three elements, as set forth in Commonwealth v. Pierce, 527, A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

A review of defendant's filing indicates that defendant did not present any argument in support of a claim that he should be granted the right to file post-sentence motions. Consequently it is suggested that defendant be deemed to have failed to meet his burden with respect to this claim and it be dismissed.

Finally, defendant argues that this Court erred by denying him relief pursuant to Pa.R.Crim.P. 600. It is suggested that relief be denied with respect to this claim because it was not preserved in this Court. Although defendant filed a Rule 600 motion, the docket indicates that it was not presented to or ruled upon by this Court. The law is clear that generally, issues not preserved in the trial court cannot be raised for the first time on appeal. See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Commonwealth v. Dennis, 695 A.2d 409, 411 (Pa. 1997) ("[I]f appellate courts were to consider issues not raised in the trial court, then the trial would become a dress rehearsal and would give an unfair advantage to the ill-prepared advocate"); Commonwealth v. Fink, 791 A.2d 1235, 1248 (Pa. Super. 2002)

9

(claims raised for first time on appeal are waived).[4] Therefore, it is suggested that relief be denied with respect to this claim.

## CONCLUSION

Based on the foregoing, the judgments of sentence entered against defendant should be affirmed.

By the Court,

_____

Honorable Jeffrey P. Minehart

DATE: 9/8/16

---

[4] This Court's review of the record indicates that a Rule 600 violation did not occur here as defendant agreed to or requested myriad continuances thereby delaying the commencement of his trial.

10