J-S43033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ELWOOD C. BRASWELL | |
| Appellant | No. 86 WDA 2017 |

Appeal from the Judgment of Sentence September 13, 2013
In the Court of Common Pleas of Forest County
Criminal Division at No(s): CP-27-CR-0000037-2013

BEFORE: STABILE, SOLANO, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED AUGUST 08, 2017**

Appellant, Elwood C. Braswell, appeals *nunc pro tunc* from the judgment of sentence entered in the Forest County Court of Common Pleas following his jury trial convictions of criminal homicide,[1] aggravated assault,[2] and abuse of a corpse.[3] Appellant claims the jury's verdict of guilty but mentally ill was against the weight of the evidence that he was insane. We are constrained to find this claim waived and affirm.

The relevant facts and procedural history of this case are as follows. Appellant's charges stem from the murder of his cellmate while Appellant was incarcerated at SCI Forest. At trial, Appellant raised an insanity

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2501(a).

[2] 18 Pa.C.S. § 2702(a)(1).

[3] 18 Pa.C.S. § 5510.

defense; however, on August 27, 2013, the jury found Appellant guilty but mentally ill of the aforementioned offenses. The trial court sentenced Appellant on September 13, 2013, to life without parole for homicide, a consecutive ten to twenty years' imprisonment for aggravated assault, and a consecutive one to two years' imprisonment for abuse of a corpse. Appellant did not file post-sentence motions or a direct appeal.

On April 30, 2014, Appellant filed a *pro se* Post Conviction Relief Act[4] ("PCRA") petition in which he alleged ineffective assistance of trial counsel. Appellant then filed a *pro se* supplemental PCRA petition in which he alleged trial counsel was ineffective for failing to file a direct appeal, and that the jury's rejection of Appellant's insanity defense went against the weight of the evidence. In his petition, Appellant also requested reinstatement of his direct appeal rights *nunc pro tunc*. The PCRA court appointed counsel who filed an amended petition on November 13, 2014, which requested that Appellant be permitted to file post-sentence motions and a direct appeal *nunc pro tunc*.[5] In response, the Commonwealth filed an answer and a motion to dismiss. Counsel subsequently filed a "no merit" letter and a request to withdraw, which the PCRA court denied. Following a hearing, the

---

[4] 42 Pa.C.S §§ 9541-9546.

[5] In the amended petition, counsel abandoned any claims regarding the weight of the evidence and Appellant's insanity defense.

PCRA court reinstated Appellant's direct appeal rights on December 16, 2016, but did not reinstate the right to file post-sentence motions.

Thereafter, on December 22, 2016, Appellant timely filed a notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.[6] On February 28, 2017, the PCRA court issued a Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issue for our review:

> Whether [the] trial court abused its discretion in finding that the jury's rejection of the insanity defense was against the weight of the evidence.

Appellant's Brief at 8.

Appellant argues the jury's verdict of guilty but mentally ill was unreasonable because it indicated a disregard of the evidence regarding Appellant's insanity and went against the weight of the evidence. Appellant

---

[6] Appellant's Rule 1925(b) statement reads:

> Trial counsel rendered ineffective assistance of counsel in not bringing a challenge before the trial court of the jury's rejection of a verdict of not guilty by reason of insanity based on a claim that the verdict reached was against the weight of the evidence offered to prove the defense of insanity by [Appellant]. [Appellant] offered sufficient evidence to prove by a preponderance of the evidence that he was insane at the time he acted in violation of the criminal statutes charged. The verdict reached is against the weight of the evidence.

Appellant's Statement of Errors Complained of on Appeal, 1/9/17, at 1-2.

maintains he was proven insane by a preponderance of the evidence because witness testimony showed Appellant was not conscious of his wrongdoing at the time he committed the offenses. Appellant concludes this Court should set aside his verdict and grant him a new trial. No relief is due.

As a threshold matter, Rule 607 of the Pennsylvania Rules of Criminal Procedure states:

> **Rule 607. Challenges to the Weight of the Evidence**
>
> (A)  A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1)  orally, on the record, at any time before sentencing;
>
> (2)  by written motion at any time before sentencing; or
>
> (3)  in a post-sentence motion.

Pa.R.Crim.P. 607(A). A weight of the evidence claim is not preserved if Appellant raises the claim for the first time in his Rule 1925(b) statement, and we may not address the merits of the claim even if the trial court addresses the issue in its Rule 1925(a) opinion. *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009); *Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014).

Our Supreme Court has held that where the trial court reinstates direct appeal rights *nunc pro tunc* for counsel's failure to file a requested appeal, the petitioner is not automatically entitled to reinstatement of post-sentence

motion rights *nunc pro tunc*. ***Commonwealth v. Liston***, 977 A.2d 1089, 1093-94 (Pa. 2009). The ***Liston*** Court noted:

> If a defendant successfully pleads and proves that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel, a PCRA court is free to grant such relief. Presumably, since post-sentence motions are optional, ***see*** Pa.R.Crim.P. 720(B), rarely will counsel be deemed to have been ineffective for failing to file them except, for example, when the claim involves the discretionary aspects of sentence or a challenge to a verdict on weight of the evidence grounds, claims which must be raised in the trial court to be preserved for purposes of appellate review.

*Id.* at 1094 n.9 (some citations omitted). In ***Commonwealth v. Fransen***, 986 A.2d 154 (Pa. Super. 2009), this Court followed ***Liston*** and held that a petitioner, who was granted reinstatement of his direct appeal rights, failed to show he was entitled to an order reinstating his right to file post-sentence motions *nunc pro tunc*. *Id.* at 158. In that case, we noted that the petitioner did not request such relief from the PCRA court, and the PCRA court did not hold an evidentiary hearing on that issue. *Id.*

Instantly, there is no indication that Appellant raised a weight of the evidence claim before or after sentencing. ***See*** Pa.R.Crim.P. 607(A). Moreover, although Appellant's *pro se* supplemental PCRA petition initially claimed that the jury's verdict went against the weight of the evidence, counsel's amended petition abandoned any such claim. Thereafter, the PCRA court reinstated only Appellant's direct appeal rights and not his right to file post-sentence motions *nunc pro tunc*. Appellant did not challenge this

decision. *See Fransen*, 986 A.2d at 158. Thus, Appellant did not file a post-sentence motion *nunc pro tunc* preserving a weight of the evidence issue. Instead, Appellant first suggested his weight of the evidence issue in his Rule 1925(b) statement alleging ineffective assistance of trial counsel.[7] Even though the PCRA court elected to consider Appellant's issue in the context of trial counsel's alleged ineffectiveness, we are precluded from addressing the weight of the evidence for the first time on appeal. *See Sherwood*, 982 A.2d at 494. Therefore, Appellant's sole issue raised on appeal *nunc pro tunc* is waived, and we are constrained to affirm the judgment of sentence.[8] *See id.*

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2017

---

[7] It is well settled that this Court will not address a claim of ineffective assistance of counsel on direct appeal. *See Liston*, 977 A.2d at 1094.

[8] We note that Appellant may file a "first" PCRA petition within one year of the date his conviction becomes final. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 944 (Pa. Super. 2003) ("When a petitioner is granted a direct appeal *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition is considered a first PCRA petition for timeliness purposes." (citation omitted)).