J-S15032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NEIL YOUNG CUNNING | : | |
| | : | |
| Appellant | : | No. 1183 WDA 2018 |

Appeal from the Judgment of Sentence Entered March 23, 2017
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001793-2016

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.: **FILED MAY 10, 2019**

Appellant, Neil Young Cunning, appeals *nunc pro tunc* from the judgment of sentence entered in the Beaver County Court of Common Pleas, following his open guilty plea to robbery (18 Pa.C.S.A. § 3701(a)(1)(ii)). On July 8, 2016, the Commonwealth charged Appellant at Docket No. 1793-2016 with robbery, theft by unlawful taking, simple assault, and terroristic threats. At the time, criminal charges against Appellant were pending at five additional docket numbers. On January 13, 2017, Appellant entered an open guilty plea at Docket No. 1793-2016 to one count of robbery as part of a global guilty plea at all six docket numbers. The court sentenced Appellant on March 23, 2017, to a term of 8 to 20 years' incarceration at Docket No. 1793-2016, to run concurrent to the sentences at the five other docket numbers, for an aggregate sentence of 8 to 20 years' incarceration. Appellant filed no post-

_____
* Retired Senior Judge assigned to the Superior Court.

sentence motions or direct appeal.

On November 20, 2017, Appellant *pro se* timely filed his first petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel, who filed an amended PCRA petition, asserting plea counsel was ineffective for failing to file post-sentence motions and a direct appeal to preserve and challenge the discretionary aspects of the sentence. The PCRA court conducted a hearing on June 26, 2018, and heard testimony from plea counsel and Appellant. On July 19, 2018, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*, but did not grant his request for post-sentence motions *nunc pro tunc*. On August 17, 2018, Appellant filed a timely notice of appeal *nunc pro tunc* from the judgment of sentence at Docket No. 1793-2016. The court ordered Appellant on August 20, 2018, to file a Rule 1925(b) statement; Appellant timely complied on September 6, 2018.

Preliminarily, where the court reinstates direct appeal rights *nunc pro tunc*, the appellant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well. **Commonwealth v. Liston**, 602 Pa. 10, 977 A.2d 1089 (2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. **Id.** at 20 n.9, 977 A.2d at 1095 n.9. **See also Commonwealth v. Rivera**, 154 A.3d

370 (Pa.Super. 2017) (*en banc*), *appeal denied*, 642 Pa. 121, 169 A.3d 1072 (2017) (stating PCRA court properly restored Appellant's post-sentencing rights *nunc pro tunc* because one issue appellant wanted to raise regarding withdrawal of his guilty plea required preservation in trial court). **Compare Commonwealth v. Fransen**, 986 A.2d 154 (Pa.Super. 2009) (holding PCRA petitioner who obtains reinstatement of direct appeal rights *nunc pro tunc* is not automatically entitled to reinstatement of post-sentence rights *nunc pro tunc* unless he asked for that relief).

Instantly, Appellant pled in his amended PCRA petition, consistent with **Liston**, that plea counsel rendered ineffective assistance because counsel neglected to file a requested post-sentence motion and a requested notice of appeal, and failed to preserve a challenge to the discretionary aspects of the sentence. **See Liston, supra**; **Rivera, supra**. The PCRA court, however, reinstated only Appellant's direct appeal rights *nunc pro tunc*, without also reinstating post-sentence motion rights *nunc pro tunc* as requested. Per agreement of the Commonwealth and the court, we conclude that the best resolution at this time is to remand for the reinstatement of Appellant's post-sentence motion rights *nunc pro tunc* as requested and further proceedings.

Case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2019