J-S68025-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES WALTER DUDLEY | : | |
| | : | |
| Appellant | : | No. 366 WDA 2018 |

Appeal from the Judgment of Sentence August 11, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000402-2016

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                          FILED DECEMBER 31, 2018

Appellant, Charles Walter Dudley, appeals from the August 11, 2017 Judgment of Sentence entered in the Cambria County Court of Common Pleas after a jury convicted him of Possession with Intent to Deliver ("PWID"), Possession of a Controlled Substance, and Criminal Use of a Communication Facility.[1]  Upon careful review, we affirm.

The relevant factual and procedural history is as follows.  On June 6, 2017, a jury found Appellant guilty of PWID and related offenses after hearing evidence that a Confidential Informant ("C.I.") exchanged telephone calls with Appellant, then entered Appellant's vehicle where the C.I. gave Appellant $250 in exchange for heroin.  On August 11, 2017, the trial court sentenced

_____

[1] 35 P.S. § 780-113(a)(30); 35 P.S. § 780-113(a)(16); and 18 Pa.C.S. § 7512, respectively.

_____

*   Former Justice specially assigned to the Superior Court.

Appellant to an aggregate term of 18 to 36 months' incarceration. Appellant did not file a post-sentence motion.

On August 15, 2017, Appellant, while still represented by counsel, filed a pro se Notice of Appeal. On August 23, 2017, the trial court issued an Order directing the clerk of courts to disregard the August 15, 2017 pro se Notice of Appeal, to reject subsequent pro se filings, and to forward all pro se filings to Appellant's counsel.

On August 31, 2017, Appellant's trial counsel, Jerome Kaharick, Esq., filed a Praecipe to Withdraw as Counsel. On September 8 and September 12, 2017, Appellant sent the trial court a pro se Petition for a Writ of Habeas Corpus and a pro se Motion to Clarify Sentence, respectively. The clerk of courts forwarded both correspondences to Appellant's counsel. On September 18, 2017, Attorney Kaharick filed a Motion to Withdraw as Counsel. On September 28, 2017, the trial court granted Attorney Kaharick's Motion to Withdraw as Counsel and appointed Timothy Burns, Esq. to represent Appellant.

On October 24, 2017, Appellant filed a counseled Post Conviction Relief Act ("PCRA") Petition in which he alleged ineffective assistance of trial counsel and requested that the PCRA court reinstate his appeal rights nunc pro tunc. On February 20, 2018, without objection from the Commonwealth, the PCRA court granted Appellant's PCRA Petition and reinstated Appellant's right to appeal nunc pro tunc.

On February 26, 2018, Appellant filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. The trial court abused its discretion in imposing a harsh and excessive sentence in light of the evidence and testimony presented at [] Appellant's trial.

2. [] Appellant respectfully submits that his conviction of the following was against the weight and sufficiency of the evidence presented by the Commonwealth at trial: (Count 1) Possession with Intent to Deliver [35 P.S. § 780-113(a)(30)]; (Count 2) Possession of a Controlled Substance [35 P.S. § 780-113(a)(16)]; and (Count 3) Criminal Use of a Communication Facility [18 Pa.C.S. § 7512].

Appellant's Brief at 5 (some capitalization omitted).

In his first issue, raises a challenge to the discretionary aspects of his sentence. Id. In particular, Appellant argues that the sentencing court abused its discretion in imposing a harsh and excessive sentence. Id. This issue is waived.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). Prior to reaching the merits of a discretionary sentencing issue, we must determine whether: (1) appellant has filed a timely notice of appeal; (2) the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) appellant's brief has a fatal defect; and (4) there is a substantial question that the sentence is not appropriate under the Sentencing Code. Commonwealth v. Evans, 901

A.2d 528, 533 (Pa. Super. 2006). Notably, challenges to the discretionary aspects of a sentence are waived if they are not raised during sentencing or in a post-sentence motion. Commonwealth v. Mann, 820 A.2d 788, 794 (Pa. Super. 2003); see also Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")

Our review of the record reveals that Appellant's trial counsel failed to preserve any challenge to the discretionary aspects of Appellant's sentence during sentencing or in a post-sentence motion. Accordingly, we are constrained to find that this issue is waived.[2]

In his second issue, Appellant challenges both the weight and sufficiency of the evidence presented during trial. Appellant's Brief at 5.

Before we reach the merits of Appellant's weight claim, we must determine whether Appellant has preserved it for appellate review. A weight of the evidence claim must be raised before the trial court pursuant to

_____

[2] Our Supreme Court has held that where a PCRA court reinstates direct appeal rights nunc pro tunc, a petitioner is not also automatically entitled to reinstatement of his post-sentence rights nunc pro tunc. Commonwealth v. Liston, 977 A.2d 1089, 1090 (Pa. 2009). Rather, a petitioner must successfully plead and prove in a PCRA Petition that he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel in order for a PCRA Court to reinstate his post-sentence rights nunc pro tunc. Id. at 1094 n.9; see also Commonwealth v. Fransen, 986 A.2d 154, 155 (Pa. Super. 2009) (holding PCRA petitioner who obtains resinstatement of direct appeal rights is not entitled to reinstatement of post-sentence rights nunc pro tunc if he did not request that relief with the PCRA court). Instantly, Appellant did not request reinstatement of his post-sentence rights nunc pro tunc in his PCRA Petition, and the PCRA court did not grant such relief.

Pa.R.Crim.P. 607(A). See also Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). A defendant must preserve a weight claim "either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." Commonwealth v. Thompson, 93 A.3d 478, 490 (Pa. Super. 2014) (citation and quotation omitted); see also Pa.R.Crim.P. 607(A). "Failure to properly preserve a weight claim will result in waiver of the claim, even if the trial court addresses the issue in its opinion." Thompson, supra at 490 (citation and quotation omitted). This Court's review of a challenge to the weight of the evidence is limited to whether the trial court palpably abused its discretion in ruling on the weight claim. Commonwealth v. Champney, 832 A.3d 403, 408 (Pa. 2003). A trial court cannot "rule" on a weight claim in its 1925(a) Opinion, because by that time the trial court is "divested of jurisdiction to take further action in the case." Thompson, supra at 490-91; see also Pa.R.A.P. 1701(a) (stating that after an appeal is taken the trial court may no longer proceed further in the matter).

Instantly, our review of the record reveals that Appellant's trial counsel failed to preserve a challenge to the weight of the evidence in either a pre-sentence or post-sentence motion. Accordingly, despite the trial court addressing the weight issue in its 1925(a) Opinion, we are constrained to find this issue waived.

Finally, Appellant avers that the evidence presented at trial was insufficient to sustain his convictions. Appellant's Brief at 5. Specifically,

Appellant argues that the testimony of the C.I., the only eyewitness to the transaction, was not credible. Id. at 18. Therefore, Appellant argues, the Commonwealth did not sufficiently prove that Appellant took part in a drug transaction warranting convictions for PWID and related offenses. Id. at 18-19. We, likewise, find this issue to be waived.

Pennsylvania Rule of Appellate Procedure 1925(b) provides, inter alia, that, in a statement of matters complained of on appeal, an appellant "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge[,]" and issues that are not properly raised are deemed waived. Pa.R.A.P. 1925(b)(4). This Court has repeatedly stated, "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." Commonwealth v. Garland, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). Such specificity is of particular importance in cases where an appellant is convicted of multiple crimes and each crime contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. Id.

A jury convicted Appellant of three separate crimes, each of which contained numerous elements. In his Rule 1925(b) Statement, Appellant presented his challenge to the sufficiency of the evidence as follows:

> The Appellant's conviction for one count each of Possession with Intent to Deliver a Controlled Substance, Possession of a

Controlled Substance, and Criminal Use of a Communication Facility was against the weight and sufficiency of the evidence presented by the Commonwealth at trial.

Appellant's Rule 1925(b) Statement, filed 2/26/18, at ¶1. Appellant failed to specify which elements of which crimes he is challenging for lack of sufficient evidence. While the trial court did address the topic of sufficiency in its opinion, this Court has held that this is "of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim." Commonwealth v. Williams, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citation omitted). Accordingly, we conclude that Appellant has waived this issue.[3]

In sum, we conclude that Appellant failed to preserve his challenges to the weight and sufficiency of the evidence as well as the discretionary aspects of his sentence. Accordingly, we affirm his Judgment of Sentence.

Judgment of Sentence affirmed.

_____

[3] Moreover, Appellant's argument that the evidence was insufficient because the testimony from the C.I was not credible is a challenge to the weight of the evidence, a challenge that he failed to preserve in a pre-sentence or post-sentence motion pursuant to Pa.R.Crim.P. 607(A).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/31/2018