**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSE GONZALEZ | : | |
| | : | |
| Appellant | : | No. 2124 EDA 2018 |

Appeal from the Judgment of Sentence Entered December 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001438-2015,
CP-51-CR-0003654-2015, CP-51-CR-0013209-2014,
CP-51-CR-0014048-2014

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:         **FILED SEPTEMBER 06, 2019**

Appellant, Jose Gonzalez, appeals *nunc pro tunc*, from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open plea of *nolo contendere* to two counts each of rape, involuntary deviate sexual intercourse ("IDSI"), and endangering the welfare of a child ("EWOC"), and open guilty plea to two counts of receiving stolen property ("RSP").[1]  We vacate in part and remand with instructions; we deny counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On July 7, 2015, Appellant entered an open plea of *nolo contendere* at docket No.

---

[1] 18 Pa.C.S.A. §§ 3121; 3123; 4304; 3925, respectively.

---

*   Former Justice specially assigned to the Superior Court.

CP-51-CR-0003654-2015 ("docket 3654-2015") to rape, IDSI, and EWOC, in connection with sex offenses Appellant committed on his stepson between 2001 and 2008. Appellant also entered an open plea of *nolo contendere* at docket No. CP-51-CR-0001438-2015 ("docket 1438-2015") to rape, IDSI, and EWOC, in connection with sex offenses Appellant committed on his daughter between 2012 and 2014. Additionally, Appellant entered an open guilty plea at docket Nos. CP-51-CR-0013209-2014 ("docket 13209-2014") and CP-51-CR-0014048-2014 ("docket 14048-2014") to one count each of RSP, in connection with Appellant's theft of motor vehicles. The court sentenced Appellant on December 4, 2015, to an aggregate term at all four dockets of 50 to 100 years' imprisonment. At dockets 3654-2015 and 1438-2015, the court designated Appellant as a sexually violent predator ("SVP"). Appellant did not file post-sentence motions or a direct appeal.

On December 9, 2016, Appellant timely filed a *pro se* petition under the Post Conviction Relief Act ("PCRA").[2] In his *pro se* petition, Appellant challenged the validity of his pleas based on counsel's allegedly inaccurate advice and the discretionary aspects of his sentence. The court appointed counsel, who filed an amended PCRA petition on April 26, 2018. In the amended petition, Appellant claimed plea counsel was ineffective for failing to file post-sentence motions and a direct appeal on Appellant's behalf. Appellant

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

explained he wanted to challenge the discretionary aspects of sentencing. Appellant expressly requested reinstatement of his post-sentence motion and direct appeal rights *nunc pro tunc*. On June 15, 2018, the Commonwealth filed a letter stating it did not oppose reinstatement of Appellant's direct appeal rights *nunc pro tunc* but opposed reinstatement of Appellant's post-sentence motion rights *nunc pro tunc*.

Notwithstanding Appellant's request, the court reinstated **only** Appellant's direct appeal rights *nunc pro tunc* on June 21, 2018. Appellant timely filed notices of appeal *nunc pro tunc* on July 19, 2018.[3] On August 16, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel subsequently filed a statement of intent to file a petition to withdraw and ***Anders***[4] brief, per Pa.R.A.P. 1925(c)(4).

As a preliminary matter, we are mindful of recent case law calling into question the validity of Appellant's SVP status. Consequently, we elect to review the legality of Appellant's sentence *sua sponte*. ***See Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 n.8 (Pa.Super. 2011) (explaining

---

[3] The certified docket entries make clear that Appellant filed four separate notices of appeal, one at each underlying docket. Thus, we see no jurisdictional impediments to our review under ***Commonwealth v. Walker***, ___ Pa. ___, 185 A.3d 969 (2018) (requiring, as of June 1, 2018, separate notices of appeal from single orders which resolve issues arising at separate trial court docket numbers).

[4] ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

challenges to illegal sentence cannot be waived and may be raised by this Court *sua sponte*, assuming jurisdiction is proper). ***See also Commonwealth v. Butler***, 173 A.3d 1212 (Pa.Super. 2017), *appeal granted*, ___ Pa. ___, 190 A.3d 581 (2018) (addressing legality of appellant's SVP status *sua sponte*).

The Pennsylvania Supreme Court has made clear that the registration requirements under the Sexual Offender Registration and Notification Act ("SORNA") constitute criminal punishment. ***Commonwealth v. Muniz***, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018). In light of ***Muniz***, this Court held: "[U]nder ***Apprendi*** and ***Alleyne***, a factual finding, such as whether a defendant has a mental abnormality or personality disorder that makes him…likely to engage in predatory sexually violent offenses, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder."[5] ***Butler, supra*** at 1217 (internal citations and quotation marks omitted). This Court further held: "[S]ection 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." ***Id.*** at 1218. The ***Butler*** Court concluded that

---

[5] ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and ***Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

- 4 -

trial courts can no longer designate convicted defendants as SVPs or hold SVP hearings, "until [the] General Assembly enacts a constitutional designation mechanism." *Id.* (vacating appellant's SVP designation and remanding to trial court for sole purpose of issuing appropriate notice under 42 Pa.C.S.A. § 9799.23, governing reporting requirements for sex offenders, as to appellant's registration obligation).[6]

Instantly, following an assessment by the Sexual Offender Assessment Board, the court imposed SVP status on Appellant at dockets 3654-2015 and 1438-2015. In light of *Muniz* and *Butler*, Appellant's SVP designation constitutes an illegal sentence. Thus, we vacate Appellant's SVP designation and remand the matter to the trial court to issue a revised notice to Appellant of his registration obligations under 42 Pa.C.S.A. § 9799.23.[7] *See Butler,*

---

[6] The Pennsylvania Supreme Court has granted review of *Butler*. Unless and until our Supreme Court rules otherwise, however, *Butler* remains binding authority. *See Commonwealth v. Martin*, 205 A.3d 1247 (Pa.Super. 2019) (stating this Court is bound by existing precedent and continues to follow controlling precedent unless it is overturned by our Supreme Court).

[7] SORNA, at 42 Pa.C.S.A. §§ 9799.10-9799.41, went into effect on December 20, 2012, and became the statute governing the registration and supervision of sex offenders. Following *Muniz* and *Butler*, the Pennsylvania General Assembly enacted legislation to amend SORNA. *See* Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018. *See* Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29"). Through Act 10, as amended in Act 29, the General Assembly created Subchapter I, which addresses sexual offenders who committed an offense on

*supra*.

As a second preliminary matter, we recognize that where the court reinstates direct appeal rights *nunc pro tunc* based on counsel's ineffectiveness, the defendant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well. **Commonwealth v. Liston**, 602 Pa. 10, 977 A.2d 1089 (2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. **Id.** at 19 n.9, 977 A.2d at 1094 n.9 (noting counsel may be deemed ineffective for failing to file post-sentence motions when claim requires preservation in trial

---

or after April 22, 1996, but before December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.13, 9799.54.

Here, Appellant's sex offenses at docket 3654-2015 took place between 2001 and 2008, so Subchapter I applies to Appellant's convictions at that docket. With respect to docket 1438-2015, however, the transcript from Appellant's plea hearing indicates Appellant's offenses at that docket took place between "roughly" 2012 and 2014, which straddle the operative dates for Subchapters H and I. Without a specific finding of fact regarding when the offenses related to Appellant's convictions actually occurred, Appellant is entitled to the lower punishment. **See Commonwealth v. Alston**, 2019 PA Super 178, at *3 (filed June 6, 2019) (stating: "[W]hen an appellant's offenses straddle the effective dates of Subchapters H and I of SORNA, he is entitled to the lower reporting requirements of Subchapter I, absent a specific finding of when the offenses related to the convictions actually occurred"). Thus, the trial court must be cognizant upon remand of which reporting requirements apply to Appellant's convictions.

court for purposes of appellate review). *Compare Commonwealth v. Fransen*, 986 A.2d 154 (Pa.Super. 2009) (holding PCRA petitioner who obtains reinstatement of direct appeal rights *nunc pro tunc* is not entitled to reinstatement of post-sentence rights *nunc pro tunc* unless he requested that relief with PCRA court; appellant's claim that he was entitled to file post-sentence motions and to have benefit of evidentiary hearing warranted no relief where appellant did not plead or prove in PCRA petition that he was deprived of right to file post-sentence motions).

Instantly, in Appellant's *pro se* PCRA petition and counseled amended PCRA petition, Appellant expressly sought reinstatement of his post-sentence motion rights *nunc pro tunc*. The Commonwealth opposed reinstating Appellant's post-sentence motion rights *nunc pro tunc*. Consistent with *Liston* and *Fransen*, however, Appellant pled in his PCRA petition that he was deprived of the right to file and litigate post-sentence motions and a notice of appeal as a result of ineffective assistance of counsel. *See Liston, supra*; *Fransen, supra*. Appellant's petitions made clear he wanted to challenge the validity of his pleas and the discretionary aspects of his sentence, which both require preservation in post-sentence motions. *See Commonwealth v. Lincoln*, 72 A.3d 606 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea); *Commonwealth v. Griffin*,

65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (explaining objections to discretionary aspects of sentence are waived if they are not raised at sentencing hearing or in timely filed post-sentence motion). **See also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i), (v) (stating post-sentence motion challenging validity of plea of guilty or *nolo contendere* and/or motion to modify sentence shall be filed no later than 10 days after imposition of sentence). Consequently, restoration of Appellant's direct appeal rights *nunc pro tunc* without restoration of Appellant's post-sentence motion rights *nunc pro tunc*, in this case was essentially an empty gesture. In light of Appellant's stated intent to challenge the validity of his pleas and discretionary aspects of sentencing, the PCRA court should have restored Appellant's post-sentencing rights as well. **See Liston, supra**; **Fransen, supra**. **See also Commonwealth v. Rivera**, 154 A.3d 370 (Pa.Super. 2017) (*en banc*), *appeal denied*, 642 Pa. 121, 169 A.3d 1072 (2017) (affirming PCRA court's reinstatement of appellant's post-sentence motion and direct appeal rights *nunc pro tunc* based on counsel's ineffectiveness for failing to consult with appellant about whether he wanted to file direct appeal; PCRA court properly restored Appellant's post-sentencing rights *nunc pro tunc* because one issue appellant wanted to raise, regarding withdrawal of his guilty plea, required preservation in trial court).

Accordingly, we remand the matter to the trial court to reinstate Appellant's post-sentence **and** direct appeal rights *nunc pro tunc*, so Appellant

will have an opportunity to litigate in post-sentence motions those issues requiring preservation in the trial court. We also vacate Appellant's SVP status and SORNA reporting requirements and direct the court to instruct Appellant on his proper registration and reporting requirements. Given our disposition, we decline to consider the other issues presented in counsel's **Anders** brief and deny counsel's petition to withdraw.

SVP status and SORNA reporting requirements vacated; case remanded with instructions; counsel's petition to withdraw is denied. Jurisdiction is relinquished.

Judge Stabile joins this memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/19